IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | SEALED |
| v. | CRIMINAL NO. 1:14cr79 HSO-RHW |
| KIM SAVANT | 18 U.S.C. § 371 |

**The United States Attorney charges:**

At all times relevant to this Information:

1. The Harrison County Utility Authority ("HCUA") was a political subdivision of the State of Mississippi with the responsibility to manage water, wastewater, storm water, and solid waste services in Harrison County. As such, the HCUA was a local government agency as that term is defined in Section 666(d), Title 18, United States Code, and which received benefits in excess of $10,000 in a one year period under Federal programs providing Federal assistance to the HCUA.

2. The defendant, **KIM SAVANT**, was a Supervisor for Harrison County and a member of the board of the HCUA, and as such was an agent of the HCUA, as that term is defined in Section 666(d), Title 18, United States Code.

3. From in or about January of 2011 through in or about January of 2013, in Harrison County in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **KIM SAVANT**, did knowingly and intentionally combine, conspire, confederate, and agree with persons known and unknown to the United States Attorney, to commit the following offense:

Bribery concerning programs receiving federal funds, in violation of Section 666(a), Title

18, United States Code.

4.  It was part of the conspiracy that, as Board Member of the HCUA, defendant **KIM SAVANT** voted for HCUA contracts and payments that benefited others known and unknown to the United States Attorney in exchange for receiving cash from others known and unknown to the United States Attorney to defendant **SAVANT.**

In furtherance of the conspiracy and to carry out its objectives, the following overt acts were committed:

5.  From in or about January of 2011 through in or about January of 2013, defendant **SAVANT**, while a member of the HCUA Board, received monthly cash payments from Company A to secure **SAVANT'S** support and vote on the HCUA Board.

6.  From on or about February 3, 2011 through on or about February 7, 2013, defendant **SAVANT**, as a member of the HCUA Board, voted for multiple payments from the HCUA to Company A relating to emergency services and other services that fell outside Company A's existing contract.

7.  On April 5, 2012, defendant **SAVANT**, as a member of the HCUA Board, voted to award a HCUA Operation and Maintenance contract to Company A.

All in violation of Section 371, Title 18, United States Code.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Information, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described

above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 981(a)(1)(c), Title 18, United States Code and Section 2461, Title 28, United States Code.

GREGORY K. DAVIS
United States Attorney